IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Bryantavious Murray, #356248, | ) | C/A No.: 1:17-220-RBH-SVH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| Geoffrey Rice, Rank Lt.; Jeremey McCary, Rank Sgt.; Ronald Cook, Rank Lt.; and James Tompkins, Rank Lt., each being sued in their individual capacity, | ) | |
| Defendants. | ) | |

Bryantavious Murray ("Plaintiff"), proceeding pro se and in forma pauperis, brought this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.). This matter comes before the court on the following motions filed by Plaintiff:

(1) Motions to Stop Retaliation [ECF Nos. 19, 21];

(2) Motion to Appoint Counsel [ECF No. 29];

(3) Motions to Produce/Compel [ECF Nos. 30, 31]; and

(4) Motion to Amend the Complaint [ECF No. 32].

For the reasons that follow, the court denies all of Plaintiff's motions.

## Motions to Stop Retaliation

In his complaint [ECF No. 1], Plaintiff complains of matters that allegedly occurred while he was housed at McCormick Correctional Institution ("MCI") and the defendants in this action are MCI officers. Plaintiff noted in his motions to stop retaliation [ECF Nos. 19, 21] that he was being housed at Lieber Correctional Institution. On March 10, 2017, Plaintiff filed a notice of change of address reflecting that he has since been moved to Lee Correctional Institution. [ECF No. 26]. Plaintiff does not allege that the named defendants have taken any action to retaliate against him. Further, because the court does not have jurisdiction over individuals who are not defendants in this action, Plaintiff's motions are denied.

## Motion to Appoint Counsel

Plaintiff has filed a motion for the court to appoint him counsel. [ECF No. 29]. There is no right to appointed counsel in 42 U.S.C. § 1983 civil rights cases. *Cf. Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975). While the court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(e)(1); *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Plaintiff in his motion has not shown that any exceptional circumstances exist in this case.

After a review of the file, this court has determined that there are no exceptional or unusual circumstances presented that would justify the appointment of counsel, nor would Plaintiff be denied due process if an attorney were not appointed. *Whisenant v.*

*Yuam*, 739 F.2d 160 (4th Cir. 1984). In most civil rights cases, the issues are not complex, and whenever such a case brought by an uncounseled litigant goes to trial, the court outlines proper procedure so the uncounseled litigant will not be deprived of a fair opportunity to present his or her case. Accordingly, Plaintiff's request for a discretionary appointment of counsel under 28 U.S.C. §1915 (e)(1) is denied.

Motions to Produce/Compel

Plaintiff has again submitted a motion to produce [ECF No. 30] instead of serving Defendants with discovery requests as provided by the Federal Rules of Civil Procedure. The motion appears to request information and documents from defendants. Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, interrogatories and requests for production need not be filed with the court. Plaintiff's motion to produce [ECF No. 30] is denied.

In his motion to compel [ECF No. 31], Plaintiff states that Defendant had not responded to his discovery requests and seeks "$150,000.00 as reasonable expenses in obtaining" an order to compel. *Id.* at 1. Defendants' response notes they responded to the requested discovery on March 10, 2017. [ECF No. 35]. Defendants state they resent the responses to Plaintiff's new address. *Id.* Further, Defendants attached their responses to Plaintiff's discovery listing the materials provided. Therefore, Plaintiff's motion to compel [ECF No. 31] is denied.

Motion to Amend the Complaint

In his motion to amend [ECF No. 32], Plaintiff seeks to add as defendants "S. Marshall #016449, Frank Musier, James Thomphins, Joseph Stevens, Jeff Scott Agent,

Warden Leroy Carledge . . . ." [ECF No. 32]. Plaintiff does not provide a proposed amended complaint, instead submitting over 70 pages of attachments as grounds for his proposed amendments. Defendants oppose Plaintiff's motion, arguing he has failed to clearly concisely set forth his claims as to Defendants. The undersigned agrees and denies Plaintiff's motion to amend [ECF No. 32].

For the foregoing reasons, the court denies the following motions of Plaintiff: (1) Motions to Stop Retaliation [ECF Nos. 19, 21]; (2) Motion to Appoint Counsel [ECF No. 29]; (3) Motions to Produce/Compel [ECF Nos. 30, 31]; and (4) Motion to Amend the Complaint [ECF No. 32].

IT IS SO ORDERED.

April 26, 2017
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge