UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Bryantavious Murray, ) | Civil Action No.: 1:17-cv-00220-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Geoffrey Rice, *Rank Lt.*; Jeremey McCary, ) | |
| *Rank Sgt.*; Ronald Cook, *Rank Lt.*; and ) | |
| James Tompkins, *Rank Lt.*; ) | |
| each being sued in their individual capacity, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Bryantavious Murray, a state prisoner proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 against the above-captioned Defendants. After Defendants filed a motion for summary judgment, Plaintiff filed a motion to voluntarily dismiss this action. *See* ECF Nos. 44 & 47. The matter is now before the Court for review of a Report and Recommendation ("R & R") issued by United States Magistrate Judge Shiva V. Hodges, who recommends granting Plaintiff's motion for a voluntary dismissal and dismissing Plaintiff's federal claims with prejudice and his state claims without prejudice.[1] *See* R & R [ECF No. 49]. Plaintiff has filed timely objections to the R & R, and Defendants have filed a timely reply to Plaintiff's objections. *See* Pl.'s Objs. [ECF No. 51]; Defs.' Reply [ECF No. 52].

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.).

remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

**Discussion**

On January 18, 2017,[2] Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 against Defendants alleging violations of his constitutional rights, including Eighth Amendment excessive force claims. *See* Complaint [ECF No. 1]. The Magistrate Judge authorized service, and after Defendants filed an answer to Plaintiff's complaint, the Magistrate Judge entered a scheduling order setting a discovery deadline of May 9, 2017. *See* ECF Nos. 7, 22, & 24.

On March 13, 2017,[3] Plaintiff filed a motion seeking leave to amend his complaint "to show a

---

[2] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988) (stating a prisoner's pleading is deemed filed at the moment of delivery to prison authorities for forwarding to district court).

[3] *Houston v. Lack* filing date.

clear Eighth Amendment violation." *See* ECF No. 32. The Magistrate Judge denied Plaintiff's motion to amend on April 26, 2017. *See* ECF No. 37 at 3–4. Plaintiff did not file objections to the Magistrate Judge's denial of his motion to amend. *See* Fed. R. Civ. P. 72(a) (permitting a party to file objections to a magistrate judge's ruling on a nondispositive matter "within 14 days after being served with a copy" of the order); *Steele v. Capital One Home Loans, LLC*, 594 F. App'x 215, 216 (4th Cir. 2015) (recognizing a motion to amend is a nondispositive matter).

On May 4, 2017, Defendants filed a motion for summary judgment with a thirteen-page supporting memorandum and six affidavits. *See* ECF No. 44. The Magistrate Judge entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the summary judgment procedures and the possible consequences of failing to respond adequately to Defendants' motion. *See* ECF No. 45. Rather than filing a response in opposition to Defendants' motion, Plaintiff filed a one-sentence motion on May 10, 2017,[4] stating he wanted to voluntarily dismiss his complaint "so that I can file it properly and with the right courts." ECF No. 47. Defendants filed a response to Plaintiff's motion stating, "Defendants have no objection to Plaintiff's Motion so long as the Court dismisses his federal causes of action with prejudice. Defendants have spent considerable time and resources preparing their Summary Judgment Motion and Memorandum concerning Plaintiff's claims under federal law." ECF No. 48. Significantly, Plaintiff did not file a reply to Defendants' response.[5] On June 9, 2017, the Magistrate Judge issued an R & R recommending that the Court (1) grant Plaintiff's motion for a voluntary dismissal and dismiss Plaintiff's **federal** claims *with prejudice* and his **state** claims *without prejudice*; and (2) find Defendants' motion for summary judgment is moot.

---

[4] *Houston v. Lack* filing date.

[5] Plaintiff could have filed a reply pursuant to Local Civil Rule 7.07 (D.S.C.).

3

R & R at 2.

In his objections to the R & R, Plaintiff indicates he wants this entire case dismissed without prejudice, citing Federal Rule of Civil Procedure 41(a)(2) and requesting that the Court dismiss "his case without prejudice so that he can refile his claims in the appropriate court." Pl.'s Objs. In their reply to Plaintiff's objections, Defendants ask that the Court adopt the R & R and dismiss the federal claims with prejudice because they have spent considerable time and resources preparing their summary judgment motion.[6] Defs.' Reply at 1.

Rule 41(a)(2) permits a court to dismiss an action at the plaintiff's request "on terms that the court considers proper," and "[u]nless the order states otherwise, a dismissal . . . is without prejudice." Fed. R. Civ. P. 41(a)(2). When considering a plaintiff's motion for a voluntary dismissal without prejudice, "the district court must focus primarily on protecting the interests of the defendant," *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987), and should not deny the motion "absent plain legal prejudice to the defendant." *Ellett Bros. v. U.S. Fid. & Guar. Co.*, 275 F.3d 384, 388 (4th Cir. 2001). A court should consider the following factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal [without prejudice]; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." *Gross v. Spies*, 133 F.3d 914, 1998 WL 8006, at *5 (4th Cir. 1998) (unpublished).

The Fourth Circuit has "held that the mere filing of a motion for summary judgment is not, without more, a basis for refusing to dismiss without prejudice," but has "also found on multiple

---

[6] Plaintiff filed a surreply to Defendants' reply reiterating some of the arguments in his objections. *See* ECF No. 53. The Court notes Rule 72(b) does not provide for a surreply.

4

occasions that a district court does not abuse its discretion in denying a motion for voluntary dismissal if the case has advanced to the summary judgment stage and the parties have incurred substantial costs in discovery." *Howard v. Inova Health Care Servs.*, 302 F. App'x 166, 179 (4th Cir. 2008) (internal quotation marks omitted) (collecting cases). In other words, the "denial of voluntary dismissal is appropriate where summary judgment is imminent." *Davis*, 819 F.2d at 1274; *see also Skinner v. First Am. Bank of Virginia*, 64 F.3d 659, 1995 WL 507264, at *2 n.2 (4th Cir. 1995) (unpublished) ("[I]t is unfair to a defendant to let a claimant select a forum in which to prosecute her claims, then be allowed to bail out scotfree to try the same claims in another forum after losing on the merits or seeing the adverse handwriting on the wall in the first chosen forum." (alteration in original)).

In this case, Defendants have filed a motion for summary judgment, prepared a supporting memorandum, and obtained six affidavits. Plaintiff has not acted diligently in seeking a voluntary dismissal, as he filed this motion *after* Defendants filed their motion for summary judgment and after the discovery deadline expired. Notably, Plaintiff did not file objections to the Magistrate Judge's prior denial of his motion to amend his complaint (which occurred before Defendants filed the motion for summary judgment). Additionally, Plaintiff did not file a response in opposition to Defendants' motion for summary judgment despite being sent a *Roseboro* order. He has given no substantive basis to refute Defendants' arguments for summary judgment, either by filing a response in opposition or by way of his objections. Moreover, Plaintiff did not file a reply addressing the representations that Defendants made in their response to his motion for a voluntary dismissal. Finally, Plaintiff has not given a sufficient reason of his need for a dismissal without prejudice.[7] Accordingly, the Court will deny

---

[7] Plaintiff's assertion (made in both his motion and objections) that he wants to file the complaint with "the right court" is not a sufficient reason for dismissal without prejudice as to the federal claims. *See Skinner*, 1995 WL 507264, at *2 n.2 ("[I]t is unfair to a defendant to let a claimant select a forum in which to prosecute her claims, then

5

Plaintiff's motion to voluntarily dismiss his federal claims without prejudice.

As for Plaintiff's federal claims, the Court will dismiss them with prejudice based on Plaintiff's lack of prosecution and his failure to comply with the *Roseboro* order, pursuant to Federal Rule of Civil Procedure 41(b) and the factors outlined in *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (stating a court should review the following four factors in considering a Rule 41(b) dismissal: "(i) the degree of personal responsibility of the plaintiff; (ii) the amount of prejudice caused the defendant; (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and (iv) the existence of a sanction less drastic than dismissal").

## Conclusion

For the foregoing reasons, the Court adopts and incorporates the R & R [ECF No. 49] by reference. Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's motion to voluntarily dismiss this entire action without prejudice [ECF No. 47] and **DISMISSES** Plaintiff's federal claims *with prejudice* and his state claims *without prejudice*. The Court **DENIES AS MOOT** Defendants' motion for summary judgment [ECF No. 44].

**IT IS SO ORDERED.**

Florence, South Carolina
July 12, 2017

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

---

be allowed to bail out scotfree to try the same claims in another forum after losing on the merits *or seeing the adverse handwriting on the wall in the first chosen forum*." (alteration in original) (emphasis added)). Nor is Plaintiff's claim that he "hasn't had enough skill with law to include federal law or consent [*sic*] with a lawyer to receive information to his case documents." *See* Pl.'s Objs. Again, Plaintiff's state law claims are *not* being dismissed with prejudice, but are being dismissed without prejudice.